Approved: _____
ANDEN F. CHOW
Assistant United States Attorney

**ORIGINAL**

Before:  THE HONORABLE PAUL E. DAVISON
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :  **SEALED COMPLAINT**

       - v. -                   :  Violation of 18 U.S.C.
                                   § 922(g)(1)
ROMELL TUKES,                   :
                                   COUNTY OF OFFENSE:
              Defendant.        :  WESTCHESTER

- - - - - - - - - - - - - - - - - x   15M2053

SOUTHERN DISTRICT OF NEW YORK, ss.:

   JOSEPH McGANN, being duly sworn, deposes and says that he is a Detective with the Peekskill Police Department ("PPD") and a Task Force Officer with the Federal Bureau of Investigation's Westchester Violent Crimes Task Force, and charges as follows:

COUNT ONE

   1. On or about January 18, 2012, in the Southern District of New York, ROMELL TUKES, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, willfully and knowingly, did possess in and affecting commerce, a firearm, to wit, a Davis Industries, Model D38, .38 caliber derringer, which previously had been shipped and transported in interstate and foreign commerce.

   (Title 18, United States Code, Section 922(g)(1).)

   The bases for my knowledge and for the foregoing charge, are, in part, as follows:

   2. I have been involved in the investigation of this matter, and this Affidavit is based upon that experience, my examination of various reports and records, and my conversations

with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. I have spoken with a cooperating witness ("CW-1"), who informed me, in substance and in part, of the following:

a. On or about January 29, 2015, CW-1 was with another individual ("Individual-1") when Individual-1 received a phone call. CW-1 watched Individual-1 put what CW-1 believed to be MDMA, a drug also known as "ecstasy," into a baggie. Then Individual-1 and CW-1 drove to the vicinity of a Stop and Go deli on South Street in Peekskill, New York.

b. During the drive toward that location, Individual-1 explained to CW-1 that Individual-1's cousin had been the one to call and had asked to purchase one gram of MDMA from Individual-1. Upon arrival to the vicinity of 729 South Street, Individual-1 told CW-1 to call Individual-1's cousin and tell the cousin that they were outside.

c. Shortly after, a man unknown to CW-1 ("the man") approached the driver's side window and started talking with Individual-1. The man was wearing a ski mask and a black coat. The man spoke with a stutter and a southern accent.

d. The conversation between the man and Individual-1 turned into an argument, the topic of which was Individual-1's refusal to sell the drugs to the man because the man did not have enough money and already owed money to Individual-1.

e. The man then reached into the car and attempted to take Individual-1's phone and the drugs, which were in Individual-1's hand. As the man and Individual-1 fought over the phone and the drugs, the man pulled out a gun.

f. CW-1 attempted to call the police and when the man saw this, he pointed the gun at CW-1's head and attempted to grab the phone from CW-1's hand.

g.  During the subsequent struggle, the man fired the gun twice.  The first bullet hit CW-1 in the shoulder and the second hit Individual-1 in the hand.

h.  Individual-1 was able to put the car in gear and drove away, leaving the man behind.

2.  I have spoken with Individual-1, who identified the man who shot him that evening as ROMELL TUKES, the defendant.

3.  I have spoken with another cooperating witness ("CW-2"), who informed me, in substance and in part, of the following:

a.  ROMELL TUKES, the defendant, often stays at the same house as CW-2.

b.  On or about January 29, 2015, TUKES woke CW-2 up in the middle of the night.  TUKES stated that he had "fucked up" and was "going to jail for a long time."

c.  TUKES left the bedroom and shortly thereafter, police officers came to the house looking for TUKES.

d.  After the police officers left the house, TUKES returned to CW-2's bedroom.  TUKES asked CW-2 to go to the fence by the Stop and Go Deli on South Street to get his "grip."  CW-2 understood "grip" to mean gun.

4.  On or about January 29, 2015, law enforcement agents recovered a firearm in the vicinity of 735 South Street, Peekskill, New York.  Based on my experience as a police officer in Peekskill, I am familiar with South Street and I know that 735 South Street is across the street from the Stop and Go Deli, referred to in paragraph 1a, and next door to 729 South Street, referred to in paragraph 1b.

5.  I have reviewed a Firearms Trace Summary issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), which identifies the firearm that was recovered, described in paragraph 4 above, as a Davis Industries, Model D38, .38 caliber derringer.  The Firearms Trace Summary also states that the firearm was last sold in North Carolina.

6.  I have reviewed criminal history records pertaining to ROMELL TUKES, the defendant, which indicate that

TUKES was convicted on or about July 9, 2012, in Westchester County Court, of Attempted Criminal Possession of a Narcotic Drug in the Fourth Degree, a Class D felony, in violation of New York Penal Law 220.09.

      WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of ROMELL TUKES, the defendant, and that he be imprisoned, or bailed, as the case may be.

_____
JOSEPH McGANN
Task Force Officer

Sworn to before me this
15th day of June 2015

_____
THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK