UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                         15-cr-403 (PKC)

        -against-                                        ORDER

ROMELL TUKES,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Rommel Tukes was convicted on a guilty plea of being a felon in possession. The offense conduct including the non-fatal shooting of two individuals. He received a below-Guidelines sentence of principally 96 months' imprisonment. His appeal to the Second Circuit focused on the correctness of the Guidelines calculation and the weight given to certain facts relevant to the section 3553(a) factors. The Circuit affirmed and the mandate issued on December 5, 2017. (ECF 34.)

        On February 3, 2021, Tukes filed a motion under an unspecified section of section 3582(c) of title 18. (ECF 37.) His brief and cryptic motion cited changes in the law, the Supreme Court's holding in Rehaif v. United States, 588 U.S. 225 (2019), requiring proof at trial of a defendant's knowledge of his prohibited status at the time of the unlawful possession in a prosecution under section 922(g) of title 18. He also cited a broadening of the safety valve and Apprendi. If his application was intended to assert "extraordinary and compelling" reasons for a reduction, Tukes does not cite any attempt to exhaust his administrative remedies by

applying for release to the Warden.  The Court can discern no other grounds under section 3582(c) that apply to him.

The Court declines to treat the motion as a section 2255 motion because more than one year elapsed from the time when the Order became final.  28 U.S.C. § 2255(f).  The mandate issued from the Court of Appeals on December 5, 2017.  The Second Circuit has held that Rehaif was not a new rule made retroactive on collateral review.  Mata v. United States, 969 F.3d 91 (2d Cir. 2020).  Thus, no exception to the limitations period would apply.  Moreover, Rehaif, even if it were applicable, would likely afford no relief because, as reflected in the Pre-Sentence Report, one of the felonies of which Tukes was convicted resulted in his actually serving a term of imprisonment that exceeded one year before his parole.  (PSR ¶ 35.)

The Bureau of Prisons Inmate Locator reveals that Tukes was released from custody on June 7, 2022.  His section 3582(c) application is denied as moot.  The Clerk is requested to terminate the motions at ECF 37, 38 and 39.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        June 17, 2024